RICHARD HOPKINS, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 16296.

Court of Claims, January 23, 1925.

**State — claims against — claims by highway contractor for loss of anticipated profits caused by change in construction plans, for extra top stone used, and for extra excavation required by heavy rainfall disallowed.**

A claim by a highway contractor to recover for loss of anticipated profits caused by a change in the plans for the construction of a State highway must be dismissed, in the absence of proof showing that the change was not a proper one in the light of good engineering, or that in ordering the change the engineer in charge acted in a capricious, arbitrary or unnecessary manner.

An item for extra top stone used by plaintiff in filling, which is alleged to have been more than was customary, cannot be allowed where the contract provides that the filling shall be done to the satisfaction of the engineer in charge; if the engineer in charge required too much stone the contractor had his option to continue or quit, but he cannot now complain unless he proves that the engineer acted in a capricious or unnecessary manner.

A further item for extra excavation which was required as the result of a heavy rainfall cannot be allowed, in the absence of proof that the excavation was made necessary by faulty specifications or fraud on the part of the State; the damage done was an actual hazard of the contract and the State cannot be made liable therefor.

CLAIM by highway contractor for loss of anticipated profits caused by change in plans furnished by the State.

*Brackett, Todd, Wheat & Wait [Benjamin P. Wheat* of counsel], for the claimant.

*Charles D. Newton, Attorney-General [Henry P. Nevins, Deputy Attorney-General,* of counsel]; *Albert Ottinger, Attorney-General [Albert J. Danaher, Deputy Attorney-General,* of counsel], for the defendant.

PARSONS, J. This case was tried before Judge CHARLES MORSCHAUSER, and comes to us for decision on the record.

In or about July, 1916, the claimant entered into a contract with the State of New York for the construction of about ten and one-half miles of road in Clinton county, State of New York, known as the Moffitsville and Franklin County Line Highway No. 1398. Shortly after the execution of the contract the contractor began the construction of the highway, which was to be what is known as a bituminous macadam, penetration method road. The contract was completed and accepted.

The plans or the blueprints furnished the contractor provided that between stations 950 and 960, a distance of from one-half to one-third of a mile, the road should cross a swamp. The specifications provided a twelve-inch subbase across this swamp. This swamp was a somewhat unknown quantity so far as its depth to solid earth was concerned.

In or about October, 1917, the engineer in charge changed the line of the road for the above-mentioned distance and carried it around the swamp on the old, hard, solid road. This required only a six-inch subbase instead of a twelve-inch, across the swamp.

The claimant in his principal items claims for loss of anticipated profits on this six-inch base eliminated by reason of the swamp, by reason of the fact that his bid was so much per yard for subbase in place.

The contract at page 110, section 4, contained the following clause: " The work shall be performed in accordance with the true intent and meaning of the plans and specifications therefor, which are referred to and made a part of the consideration named in this contract. The State, however, reserves the right to make such additions, deductions or *changes* as it deems necessary, making an allowance or deduction therefor at the price named in the proposal for the work. And this contract shall in no way be invalidated thereby, and no claim shall be made by the contractor for any loss of anticipated profits because of such change, or by reason of any variation between the approximate quantities and the quantities of the work as done."

It would seem, therefore, that in maki... this change the State

was entirely within its rights. If it was not so, the contractor should have abandoned the contract and stood on his legal rights. He having, however, continued to complete the contract, cannot now claim for extra compensation. That the change was a proper one in the light of good engineering is evidenced by the testimony of the claimant himself, who is a graduate engineer. There seems to be no proof that in ordering the change the engineer in charge acted in a capricious, arbitrary or unnecessary manner.

We; therefore, conclude that the contractor cannot recover on this item.

Another item in the claim is for extra top stone alleged to have been more than was customary. It was attempted to prove a custom as to such quantities. This might be all right if there were no contract. But the contract provides that this filling shall be done, as all other work, to the satisfaction of the engineer in charge. If the engineer in charge required too much, then the contractor had his option to continue or quit, and he cannot now complain unless he proved that the engineer in charge acted in a capricious, arbitrary or unnecessary manner.

The other item was for extra excavation. It appears from the evidence that during the construction some heavy rains fell and washed the sides of the banks into the road and ditches, and that the claimant was required to excavate this extra sand and gravel. It is not claimed that this was caused by faulty specifications or fraud on the part of the State. This was an actual hazard of the contract, and the State cannot be held liable therefor.

We are, therefore, of the opinion that the claimant cannot recover against the State, and that the claim should be dismissed as to all items.

Let judgment be entered accordingly.

SMITH, J., concurs.